**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



DEC 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUY ROBERT SODERLIND, Jr., a single individual,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>URSULA J. HAIGH,<br><br>        Defendant,<br><br> and<br><br>KING COUNTY; JOHN C. HOLLAND, King County Sheriff's Deputy, individually and in his official capacity; ERIN M. GARSKE, King County Sheriff's Deputy, individually and in her official capacity; MIKE C. MANSANAREZ, King County Sheriff's Deputy, individually and in his official capacity,<br><br>        Defendants-Appellees. | No.   18-35649<br><br>D.C. No. 2:15-cv-01655-RSL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Robert S. Lasnik, District Judge, Presiding
Argued and Submitted June 5, 2019
Seattle, Washington

Before: RAWLINSON, BEA, and NGUYEN, Circuit Judges.

Appellant Guy Robert Soderlind (Soderlind) appeals the district court's orders granting summary judgment in favor of Appellees King County (County) and Deputy John Holland, Deputy Erin Garske, and Deputy Mike Mansanerez of the King County Sheriff's Office, and denying Soderlind's motions for summary judgment and to amend the judgment.

Soderlind alleged that the officers unlawfully arrested him for violating anti-harassment orders. However, the district court correctly held that the investigating officer's interpretation of the plain language of the anti-harassment orders was reasonable, thereby establishing probable cause for Soderlind's arrest. *See Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017) (explaining that "[p]robable cause exists when the facts and circumstances within an officer's knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime") (citation, alteration, and internal quotation marks omitted).[1]

---

[1] Contrary to Soderlind's assertions, the district court's interpretation of the anti-harassment orders did not conflict with its grant of partial summary judgment

(continued...)

2

Based on his independent review of the anti-harassment orders, witness statements, videos, and images, the investigating officer did not "solely rely" on the neighbors' complaints, and he properly determined that there was probable cause to arrest Soderlind. *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003).

The district court appropriately applied the collective knowledge doctrine to conclude that probable cause existed to arrest Soderlind. *See Garcia v. County of Merced*, 639 F.3d 1206, 1211 (9th Cir. 2011) (noting that "[w]hen there has been communication among agents, probable cause can rest upon the investigating agents' collective knowledge") (citation and internal quotation marks omitted).[2]

---

[1](...continued)
in favor of the City of Burien. In granting partial summary judgment, the district court emphasized that "[w]here the precise boundaries of this right-of-way lie, and whether Mr. Soderlind was within those boundaries when he allegedly walked on the tideland in front of his neighbors' homes, [were] questions not before the Court."

[2] *Beier v. City of Lewiston*, 354 F.3d 1058 (9th Cir. 2004), relied on by Soderlind, is inapposite. In that case, neither of the arresting officers read the restraining order prior to arresting the plaintiff, and they were unable to render a reasonable probable cause determination because there was "simply no viable reading of the order pursuant to which [the plaintiff] was in violation." *Id.* at 1062-63, 1068. We also observed that "[a] police officer who does not personally read, such an order . . . may fulfill his duty by obtaining information from authorized personnel—such as a supervisor or police dispatcher—who have access to the terms of the order." *Id.* at 1069.

The district court correctly held that Soderlind was not unlawfully arrested in the curtilage of his residence because his driveway was exposed to public view and used for storage and other non-private activities. *See United States v. Perea-Rey*, 680 F.3d 1179, 1184 (9th Cir. 2012) (stating that "[w]e examine four non-exhaustive factors to determine whether an area is part of a home's curtilage: the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by") (citations and internal quotation marks omitted).

The district court properly denied Soderlind's motion to amend the judgment premised on *Collins v. Virginia*, 138 S. Ct. 1663 (2018). In *Collins*, the United States Supreme Court held that an officer who saw a parked vehicle covered by a tarp, "walked onto the residential property and up to the top of the driveway," and "pulled off the tarp, revealing a motorcycle that looked like the one from [a] speeding incident," entered the curtilage of the residence to conduct the search. *Id.* at 1668, 1671. Soderlind's arrest in his driveway did not occur in a place with similar privacy features. *See id.*

Dismissal of Soderlind's false arrest, malicious prosecution, and First Amendment claims was warranted based on the district court's determination that the officers had probable cause to arrest Soderlind for violating the anti-harassment orders, and the officers did not otherwise infringe on Soderlind's First Amendment rights.

Because Soderlind failed to demonstrate the requisite constitutional violations in support of his claims under 42 U.S.C. § 1983, the district court properly entered judgment in favor of the County. *See Johnson v. City of Seattle*, 474 F.3d 634, 638 (9th Cir. 2007) (clarifying that "municipalities are only liable under Section 1983 if there is, at minimum, an underlying constitutional tort") (citation omitted).

**AFFIRMED.**